### WOODS v. ROBERTSON et al.

(Supreme Court, Appellate Term. November 30, 1903.)

1. ACTION FOR BALANCE DUE ON CONTRACT—DEDUCTION FOR VALUE OF UNFINISHED WORK—INSTRUCTIONS.

Where a contractor assigned a part of the money due under the contract, and his assignee recovered judgment for that amount, without any deduction for the value of unfinished work, and thereafter the contractor sued for the balance due, and admitted that the unfinished work was of the value of a specified sum, an instruction that the jury should not deduct any sum from plaintiff's claim for such work was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Edward Woods against John Robertson and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Quackenbush & Wise, for appellants.
L. P. Mingey, for respondent.

BISCHOFF, J. The action was for a balance due upon a contract for certain excavating work over the sum of $500, assigned by the plaintiff to one Devine, and for which the latter had at the time of the trial recovered judgment. Certain of the work remained unperformed, and, while the plaintiff could recover on the theory of a substantial performance, the balance which he claimed was subject to

a deduction for the value of the unfinished work under the contract. The plaintiff admitted this value to be $42.20, while the evidence for the defendants made it much greater, but the justice instructed the jury that they were not to deduct the sum of $42.20, because the defendants had been credited with the amount for the purposes of the earlier recovery by Devine, the assignee.

The record in Devine's case was in evidence, and there can be no question that that recovery did not involve the credit of this item, which was allowed only so far as was required for a computation, which showed a balance to the credit of the assignor in excess of the assigned claim. Devine, the assignee, thus became entitled to the amount assigned to him, but the present plaintiff's claim for the balance was, of course, subject to the conceded deduction. The jury, following this erroneous instruction, presumably reduced the amount found by them to represent the value of the unfinished work to the extent of this supposed credit of $42.20, and rendered their verdict for the plaintiff without making the full deduction from his claim, in accordance with their finding upon the evidence. There must therefore be a new trial.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.